# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEVIN L. BRADLEY, | : | |
|    Plaintiff, | : | Case No.  3:05CV314 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| ROBERT DEWITT, et al., | : | |
|    Defendants. | : | |

## ORDER

Plaintiff Kevin L. Bradley, a inmate at the Lebanon Correctional Institution in Lebanon, Ohio brings this case *pro se* under 42 U.S.C. §1983.  On September 13, 2005, the Court granted Bradley's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.

This case is presently before the Court for a *sua sponte* review to determine whether Bradley's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915A(b).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP

Complaint if they are satisfied that the action is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915A(b).

Viewing the Complaint through lens of §1915A(b), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

Bradley's Complaint alleges:

> On September 10, 2003, while acting under color of law as the Lead Narcotics Officer for the Village of Mechanicsburg, Officer Robert DeWitt caused my residence located in an adjacent county to be searched and property seized without a search warrant or probable cause. Officer DeWitt caused unknown Officers to ransack my home, destroy, damage, and seize personal property which yielded no fruits of criminal activity and resulted in no criminal charges.

(Doc. #2 at 5). Bradley seeks a jury trial and "monetary damages for personal damages and punitive damages." (Doc. #2 at 6).

It cannot be concluded at this earliest juncture of the case that Bradley's *pro se* Complaint is frivolous, malicious, or fails to state a claim for relief. His Complaint is not frivolous because he has not alleged delusional or irrational facts. If, moreover, the facts he alleges are accepted as true and construed liberally in his favor, he has sufficiently described a situation in which his rights under the Fourth Amendment to the Constitution were violated

2

Accordingly, Bradley's Complaint is not subject to dismissal under 28 U.S.C. §1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Clerk of Court serve a copy of the Complaint (Doc. #2), summons, the Order granting Plaintiff *in forma pauperis* status (Doc. #3), and this Order upon the named Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff must serve the named Defendants – or their attorney in the event the attorney's appearance is entered in the record – with a copy of every document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and a true and correct copy of any document mailed to Defendants or their attorney. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff must inform the Clerk of Court promptly of any changes of address which he has during the pendency of this lawsuit. Failure to do so may result in dismissal of their case for failure to prosecute.

September 27, 2005

                 s/Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge